## LECLER *v.* OLIVIERI.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 44.—Resuelto en febrero 15, 1904.

NULIDAD DE ACTUACIONES—JUICIO DECLARATIVO—INCIDENTE.—Las peticiones de nulidad de actuaciones formuladas en un juicio ejecutivo y en el procedimiento de apremio, aun pendiente, no pueden ser materia de un juicio declarativo, debiendo serlo *en su caso,* de un incidente.

ID.—En los juicios ejecutivos no pueden promoverse otros incidentes que los que surjan de cuestiones de competencia o de acumulación a un juicio universal.

### EXPOSICIÓN DEL CASO.

En el recurso de apelación interpuesto por Doña Guadalupe Lecler y Diendoné de Yurnet en juicio declarativo promovido por la misma ante la Corte de Distrito de Mayagüez contra Doña Ricarda Olivieri de Capifali sobre nulidad de actuaciones, habiendo representado ante esta Corte Suprema a la parte apelante el Letrado Don Ignacio Hidalgo.

*Resultando:* que con fecha 20 de marzo del año próximo pasado Doña Guadalupe Lecler y Diendoné de Yurnet, representada por el Letrado Don Ignacio Hidalgo, presentó demanda ante el Tribunal de Distrito de Mayagüez, contra Doña Ricarda Olivieri y Capifali, para que previos los trámites del juicio declarativo se dictara en su día sentencia declarando la nulidad de todo lo actuado desde el 29 de octubre del año anterior en un juicio ejecutivo contra ella seguido, primero por Don Joaquín Tornabells, como cesionario de Don Teófilo Olivieri, y continuado después por la (*) hermana de éste, Doña Ricarda, como cesionario de Tornabells, con imposición de las costas y condena de daños y perjuicios a la parte demandada, alegando que por haber caducado la instancia no pudo abrirse de nuevo el juicio y que la cesión de Tornabells a Doña Ricarda Olivieri no se hizo llenando los requisitos prescritos en el artículo 1535, en relación con el 1536, del antiguo Código Civil.

*Resultando:* que por orden de la Corte de Mayagüez certificó su secretario que el juicio ejecutivo de referencia fué iniciado por Don Joaquín Tornabells, como cesionario de Don Teófilo Olivieri y lo siguió hasta el 27 de marzo de 1899, habiéndose presentado luego a continuarlo, en 29 de octubre de 1902, Doña Ricarda Olivieri de Capifali, como cesionaria de Tornabells y ha estado en curso hasta el 16 de febrero de 1903, en que se suspendió su vía de apremio en virtud de tercería de dominio interpuesta por Don Darío Reyes.

*Resultando:* que en 31 de marzo del año próximo pasado, la Corte de Mayagüez dictó auto declarando no haber lugar a admitir y sustanciar la demanda interpuesta, y habiendo solicitado reposición de dicho auto la representación de Doña Guadalupe Lecler, fué también desestimada por auto de 14 de abril siguiente.

*Resultando:* que contra ambas resoluciones de 31 de marzo y 14 de abril, interpuso Doña Guadalupe Lecler recurso de apelación que le fué admitido, y elevados los autos

a esta Corte Suprema previa citación y emplazamiento de la parte apelante, se dió al recurso la tramitación correspondiente, señalándose día para la vista, la que tuvo lugar sin asistencia de letrado alguno.

Abogado del apelante: *Sr. Hidalgo.*

La parte apelada no compareció.

El Juez Asociado Sr. Hernández, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Considerando:* que la cuestión traída a debate en la demanda producida por Doña Guadalupe Lecler y Diendoné, se (*) refiere a nulidad de actuaciones en el procedimiento de apremio aun pendiente de un juicio ejecutivo seguido contra la demandante, y por tanto, no puede ser materia de un juicio declarativo, debiendo serlo, en su caso, de un incidente, con arreglo a los artículos 741 y 744 de la Ley de Enjuiciamiento Civil, cuya ley marca también los trámites para su sustanciación, pero tal incidente sería inadmisible, por caber solamente en los juicios ejecutivos, los que nacen de cuestiones de competencia o de acumulación de un juicio universal, según el artículo 1478 de la ley citada.

Vistos los textos legales anteriormente citados.

Se confirma el auto apelado de 31 de marzo del año próximo pasado, con su concordante de 14 de abril siguiente, con las costas a la parte recurrente; y con certificación de esta resolución, devuélvanse los autos a la Corte de Distrito de Mayagüez a los fines procedentes.

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados Figueras y MacLeary.

El Juez Asociado Sr. Sulzbacher no formó tribunal en la vista de este caso.